UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23135-BLOOM/Reid

JOSEPH ARUANNO,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Petitioner Joseph Aruanno's Petition for Habeas Corpus and/or Notice of Appeal, ECF No. [1] ("Petition"). The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is denied.

The instant Petition is Petitioner's third effort, through a § 2254 petition, to challenge his 1994 state court conviction for lewd, lascivious, or indecent assault or act upon or in the presence of a child in violation of Fla. Stat. § 800.04. Petitioner filed his first § 2254 petition, assigned Case No. 07-cv-80832-KAM, on September 11, 2007. That petition was denied as untimely pursuant to 28 U.S.C. § 2244(d)(1)-(2). *See id.* at ECF Nos. [15] and [17]. In August and September 2008, the United States Court of Appeals for the Eleventh Circuit denied Petitioner's motion for a certificate of appealability and motion to reconsider the denial of his motion. *Id.* at ECF Nos. [24] and [26].

Petitioner filed a second § 2254 petition, assigned Case No. 11-cv-81334-KLR, on December 7, 2011. *See id.* at ECF No. [1]. That petition was dismissed with prejudice as successive and untimely. *See* ECF Nos. [15] and [18]. Petitioner now files the instant Petition, which

challenges the Florida Supreme Court's dismissal of his appeal for lack of jurisdiction and the denial of his motion for reconsideration.

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Consistently, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petitioner as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Cases, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this latest § 2254 petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Petitioner has not alleged, let alone demonstrated, that he has received authorization from the Court of Appeals to file this successive § 2254 petitioner. Thus, this unauthorized successive § 2254 petition is dismissed for lack of jurisdiction. Further, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Petitioner's claims. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DENIED**;

2. No certificate of appealability shall issue;

3. All pending motions are **DENIED AS MOOT**; and

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Joseph Aruanno
Special Treatment Center
PO BOX 905
Avenel, NJ 07001